IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. WOLFE, | : | Civil No. 3:24-cv-21 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| JOHN RIVELLO, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff James Wolfe ("Wolfe"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated this negligence action on January 3, 2024. (Doc. 1). Named as Defendants are Superintendent John Rivello, Unit Manager Barbara Hollibaugh, Counselor Mark Grimme, Unit Manager Megan Yost, and Psychiatric Nurse Jessica Cousins. Presently before the Court is Defendant Cousins' Rule 12(b) motion (Doc. 31) to dismiss. For the reasons set forth below, the motion will be granted in part and denied in part, and Wolfe will be granted leave to amend a particular claim as discussed below.

## I.   Allegations of the Complaint

Wolfe alleges that the events giving rise to his negligence action arose at SCI-Huntingdon on July 11, 2019, and "on or after March 20, 2020 up to the present date and have not ceased." (Doc. 1, p. 4). He alleges that he received an "eye cut on [his] nose bridge at tooth and gum" and was given improper medication. (*Id.*). He further alleges that

he was monitored by unknown individuals and he "was deceased in an observation cell." (*Id.*). Based on these events, Wolfe alleges that defendants "are and have breached public trust." (*Id.* at p. 5). Wolfe further alleges that he suffered a traumatic brain injury and emotional, mental, and physical distress. (*Id.*). He seeks monetary relief. (*Id.*).

## II. Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III.   Discussion

Defendant Cousins moves to dismiss the complaint on the following grounds: (1) all claims are barred by the two-year statute of limitations, and (2) Wolfe failed to state a claim upon which relief can be granted. (*See* Doc. 36-2). The Court will first address the threshold question of whether the applicable statute of limitations bars Wolfe from bringing this action. The Court will then proceed to address the merits of Wolfe's claims.

### A.   Statute of Limitations

Defendant Cousins first seeks to dismiss the complaint as barred by the statute of limitations. (Doc. 36-2, pp. 3-4). She seemingly argues that because the statute of limitations defect is clear on the face of the complaint, i.e., the cause of action accrued at the latest on March 20, 2020, and the complaint was file-stamped on January 8, 2024, it is appropriate to address the issue on a motion to dismiss. (*Id.*).

"A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). "In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). The statute of limitations for personal injury actions in Pennsylvania is two years. *See id.*; PA. CONS. STAT. ANN. § 5524. "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp.*, 142 F.3d at 599.

4

Wolfe's claims arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two-year statute of limitations for personal injury actions. In the complaint, Wolfe asserts that the events giving rise to his negligence action arose on July 11, 2019, and "on or after March 20, 2020 up to the present date and have not ceased." (Doc. 1, p. 4). Based on these allegations, the statute of limitations began running at the latest, on March 20, 2020, and continued until January 3, 2024, when Wolfe filed his complaint.[1] Wolfe thus appears to assert that the Court should excuse his late filing under the continuing violation doctrine.

"The continuing violation[ ] doctrine is an equitable exception to the statute of limitations." *Spencer v. Courtier*, 552 F. App'x 121, 123 (3d Cir. 2014). It postpones the running of the statute of limitations "when a defendant's conduct is part of a continuing practice." *Randall v. City of Philadelphia Law Department*, 919 F.3d 196, 198 (2019) (quoting *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)). "If a defendant's conduct constitutes a continuing practice, the entire claim may be timely if the last act of the practice falls within the statute of limitations." *Spencer*, 552 F. App'x at 123 (citing *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)). Critically, "the continuing-violation[s] doctrine focuses on continuing *acts*, not

---

[1] Although the docket states that the complaint was filed January 8, 2024, this is the date it was received by the Court. Under the prisoner mailbox rule, the complaint is deemed filed when Wolfe handed it to prison officials for mailing, which was on January 3, 2024. See *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

effects." *Randall*, 919 F.3d at 199 (emphases in original). "In other words, the doctrine relies on a *defendant's* continuing acts, not a *plaintiff's* continuing injury." *Id.* (emphasis in original). In sum, a plaintiff must demonstrate that a defendant committed at least one affirmative act within the statute of limitations, and that that act was part of a continuing practice to violate the plaintiff's rights. *Id.*; *see also Smith v. Dunn*, No. 20-2404, 2022 WL 1011214, at *2 (3d Cir. Apr. 5, 2022). In order to establish that a defendant's conduct was part of a continuing practice, a plaintiff must demonstrate that "the defendant's conduct was more than isolated or sporadic acts." *Spencer*, 552 F. App'x at 123. Applying these principles here, Wolfe argues that Defendants' continuing actions occurred during the limitations period. Based on these allegations, the Court concludes that the continuing violations doctrine saves Wolfe's claims. Therefore, the Court must deny Defendant Cousins' motion to dismiss the action as barred by the statute of limitations.

**B.   Merits of the Claim[2]**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

[2] The Court construes the complaint as presenting an Eighth Amendment claim relating to deliberate indifference to Wolfe's medical needs.

> injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant Cousins seeks to dismiss the complaint based on Wolfe's failure to allege that she was personally involved in the alleged violations. Importantly, individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of respondeat superior." *Id.* In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or

7

her rights, individual liability will not follow. *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08.

Wolfe asserts in a conclusory fashion that he suffered a "cut" and a traumatic brain injury. (Doc. 1, pp. 4-5). Upon review of the complaint, there is not a single allegation that names Defendant Cousins as the individual involved in his treatment or medical care. It is clear that Wolfe has not alleged facts which would demonstrate a plausible basis for the Court to infer personal involvement on the part of Defendant Cousins. However, as set forth below, it is possible that Wolfe's pleading deficiencies may be remedied by amendment.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Id.* at 104-05. To succeed on such a claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

"To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). A plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." *Id.* (quotation marks omitted). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the

8

treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted). "Mere disagreement as to the proper medical treatment [does not] support a claim of an [E]ighth [A]mendment violation." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987); *see also Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence").

The Court finds that the spare facts alleged by Wolfe related to his "cut" do not state a viable Eighth Amendment claim because he does not describe deliberate indifference to a serious medical need. With respect to the serious medical need requirement, it has been recognized by the Third Circuit Court of Appeals that cuts requiring no more than small bandages do not constitute serious medical needs covered by the Eighth Amendment. *See Stankowski v. Farley*, 251 Fed. Appx. 743, 748 (3d Cir. 2007). Wolfe's allegation that he received a "cut" (Doc. 1, p. 4), does not constitute an obvious serious medical need as required under *Estelle*.

Assuming that this injury constitutes a serious medical need, the Court must next determine whether Wolfe has demonstrated deliberate indifference to that medical need. Wolfe's complaint clearly alleges that "he was being monitored" and was provided medication for his ailments. (Doc. 1, p. 4). He has not been denied treatment but, instead, is expressing a dissatisfaction with the quality of care. This claim reduces to a dispute

9

concerning the adequacy of treatment. Such allegations do not support an Eighth Amendment claim of deliberate indifference to a serious medical condition. Courts have repeatedly held that when an inmate's Eighth Amendment claim entails nothing more than a disagreement concerning which type of medication to prescribe for a particular ailment, prison officials are entitled to a judgment in their favor as a matter of law. *See, e.g., Gause v. Diguglielmo*, 339 F.App'x 132 (3d Cir. 2009) (dispute over choice of medication does not rise to the level of an Eighth Amendment violation); *Innis v. Wilson*, 334 F. App'x 454 (3d Cir. 2009) (same); *Whooten v. Bussanich*, 248 F. App'x 324 (3d Cir. 2007) (same); *Ascenzi v. Diaz*, 247 F. App'x 390 (3d Cir. 2007) (same). It is also well-established that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. *Rouse*, 182 F.3d at 197 ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference."); *Hartman v. Corr. Med. Servs.*, 366 F. App'x 453, 455 (3d Cir. 2010) (noting that the "[inmate] himself referred to his lawsuit in terms of the negligence of the defendants" and finding that "[a]llegations of medical negligence do not trigger constitutional protections") (citing *Estelle*, 429 U.S. at 105-06; *Durmer*, 991 F.2d at 67). Fatal to Wolfe's claim related to his "cut" is his explicit allegation that Defendants' conduct amounted to negligence. (Doc. 1, p. 1). The Court will dismiss this claim with prejudice.

Entirely unrelated to the factual allegations in the complaint, Wolfe states that he suffered a traumatic brain injury. (Doc. 1, p. 5). The Court finds that this medical condition, traumatic brain injury, could potentially constitute a serious medical need for purposes of the Eighth Amendment. However, the complaint is completely silent as to how he suffered this alleged traumatic brain injury. There is no indication that Wolfe was diagnosed by a medical professional with that condition, that he was diagnosed by a physician as requiring treatment, or that he was denied any treatment. Nor does Wolfe allege that Defendant Cousins actually knew about his alleged traumatic brain injury, or a substantial risk of harm related to it, or that Defendant Cousins drew an inference that a substantial risk of harm to Wolfe existed. *See Farmer*, 511 U.S. at 837. Curable amendment is conceivable as to this claim. Therefore, the Court will dismiss this claim without prejudice and with leave to amend.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).

11

With respect to Wolfe's claim that he suffered a "cut" based on alleged negligent acts, the Court finds that the claim lacks an arguable basis in law and fact and any attempt to amend would be futile. Therefore, the Court will dismiss this claim with prejudice.

However, Wolfe will be granted the opportunity to amend his claim related to his alleged traumatic brain injury. Such amendment should set forth his claim in short, concise, and plain statements. It must identify how Defendant Cousins was personally involved and specify her conduct that allegedly caused him injury. If Wolfe fails to file an amendment adhering to the standards set forth herein, this claim will be dismissed with prejudice.

## V. Conclusion

The Court will deny Defendant Cousins' motion to dismiss this action as untimely under Pennsylvania law's two-year statute of limitations. The motion will be granted with prejudice and without leave to amend as to Wolfe's claim related to his alleged "cut." The motion will be granted without prejudice and with leave to amend as to the claim related to his alleged traumatic brain injury. Wolfe will be afforded the opportunity to file a proposed amendment on or before October 24, 2024.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: October 10, 2024