IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. WOLFE, | : | Civil No. 3:24-cv-21 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| JOHN RIVELLO, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff James Wolfe ("Wolfe"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated this negligence action on January 3, 2024. (Doc. 1). Named as Defendants are, *inter alia*, Superintendent John Rivello, Unit Manager Barbara Hollibaugh, Counselor Mark Grimme, and Unit Manager Megan Yost (collectively, the "DOC Defendants").[1] Presently before the Court is the DOC Defendants' motion (Doc. 32) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will grant the motion.

### I.   Allegations of the Complaint

Wolfe alleges that the events giving rise to his negligence action arose at SCI-Huntingdon on July 11, 2019, and "on or after March 20, 2020 up to the present date and have not ceased." (Doc. 1, p. 4). He alleges that he received an "eye cut on [his] nose

___

[1]   Also named as a Defendant is Nurse Jessica Cousins. By separate Memorandum and Order, the Court addressed Defendant Cousins' motion to dismiss. (Docs. 57, 58).

bridge at tooth and gum" and was given improper medication. (*Id.*). He further alleges that he was monitored by unknown individuals and he "was deceased in an observation cell." (*Id.*). Based on these events, Wolfe alleges that defendants "are and have breached public trust." (*Id.* at p. 5). Wolfe also alleges that he suffered a traumatic brain injury and emotional, mental, and physical distress. (*Id.*). He seeks monetary relief. (*Id.*).

## II. Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

### A. Claim Pursuant to the Federal Tort Claims Act ("FTCA")

The DOC Defendants first seek to dismiss the FTCA claim lodged against them, as they are individual state employees and not subject to civil liability under the FTCA. It is well-settled that the United States "is the only proper defendant in a case brought under the FTCA." *CNA v. United States*, 535 F. 3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."); *Feaster v. Federal Bureau of Prisons*, 366 F. App'x 322, 323 (3d Cir. 2010) ("The only proper defendant in an FTCA suit is the United States itself."); *Dambach v. United States*, 211 F. App'x 105, 108 (3d Cir. 2006) (noting that "the only party potentially answerable for any injury [under the FTCA] is the United States."). Wolfe thus cannot bring an FTCA claim against individual state employee Defendants. The Court will dismiss the FTCA claim against these individual Defendants.

### B. Eighth Amendment Claim[2]

The DOC Defendants next seek to dismiss the complaint based on Wolfe's failure to state a viable Eighth Amendment claim and failure to allege that they were personally involved in the alleged violations.

---

[2] The Court construes the complaint as presenting an Eighth Amendment claim relating to deliberate indifference to Wolfe's medical needs.

4

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To succeed on such a claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Deliberate indifference occurs when prison officials "intentionally deny[ ] or delay[ ] access to medical care or interfer[e] with the treatment once prescribed." *Pearson*, 850 F.3d at 534 (quoting *Estelle*, 429 U.S. at 104-05). "Allegations of medical malpractice are not sufficient to establish a Constitutional violation," nor is "[m]ere disagreement as to the proper medical treatment." *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). A "failure to provide adequate care…[that] was deliberate, and motivated by non-medical factors" is actionable under the Eighth Amendment, but "inadequate care [that] was a result of an error in medical judgment" is not. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Estelle*, 429 U.S. at 105-06. As long as a physician exercises professional judgment, his or her behavior does not violate a detainee's constitutional rights. *See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *See Evancho v. Fisher*, 423 F.3d 347, 353

(3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).  Liability "cannot be predicated solely on the operation of *respondeat superior*."  *Id.*  In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs...shown through allegations of personal direction or of actual knowledge and acquiescence."  *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08.  A plaintiff must establish the particulars of conduct, time, place, and the person responsible.  *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08.  When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow.  *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08.

The Court finds that the spare facts alleged by Wolfe do not state a viable Eighth Amendment claim against the DOC Defendants because he does not describe deliberate indifference to a serious medical need.  With respect to the serious medical need requirement, it has been recognized by the Third Circuit Court of Appeals that cuts requiring no more than small bandages do not constitute serious medical needs covered by the Eighth Amendment.  *See Stankowski v. Farley*, 251 Fed. Appx. 743, 748 (3d Cir. 2007).  Wolfe's allegation that he received a "cut" (Doc. 1, p. 4), does not constitute an obvious serious medical need as required under *Estelle*.

Assuming that this injury constitutes a serious medical need, the Court must next determine whether Wolfe has demonstrated deliberate indifference to that medical need.

6

Wolfe's complaint clearly alleges that "he was being monitored" and was provided medication for his ailments. (Doc. 1, p. 4). He has not been denied treatment but, instead, is expressing a dissatisfaction with the quality of care. This claim reduces to a dispute concerning the adequacy of treatment. Such allegations do not support an Eighth Amendment claim of deliberate indifference to a serious medical condition. Courts have repeatedly held that when an inmate's Eighth Amendment claim entails nothing more than a disagreement concerning which type of medication to prescribe for a particular ailment, prison officials are entitled to a judgment in their favor as a matter of law. *See, e.g., Gause v. Diguglielmo*, 339 F.App'x 132 (3d Cir. 2009) (dispute over choice of medication does not rise to the level of an Eighth Amendment violation); *Innis v. Wilson*, 334 F. App'x 454 (3d Cir. 2009) (same); *Whooten v. Bussanich*, 248 F. App'x 324 (3d Cir. 2007) (same); *Ascenzi v. Diaz*, 247 F. App'x 390 (3d Cir. 2007) (same). It is also well-established that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. *Rouse*, 182 F.3d at 197 ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference."); *Hartman v. Corr. Med. Servs.*, 366 F. App'x 453, 455 (3d Cir. 2010) (noting that the "[inmate] himself referred to his lawsuit in terms of the negligence of the defendants" and finding that "[a]llegations of medical negligence do not trigger constitutional protections") (citing *Estelle*, 429 U.S. at 105-06; *Durmer*, 991 F.2d at 67).

Fatal to Wolfe's claim is his explicit allegation that Defendants' conduct amounted to negligence. (Doc. 1, p. 1). Therefore, the Court will dismiss this claim with prejudice.

Entirely unrelated to the factual allegations in the complaint, Wolfe states that he suffered a traumatic brain injury. (Doc. 1, p. 5). The Court finds that this medical condition, traumatic brain injury, could potentially constitute a serious medical need for purposes of the Eighth Amendment. However, the complaint is completely devoid of allegations that the DOC Defendants had any personal involvement in Wolfe's medical care or that they acted with deliberate indifference to his need for such care. Further, Third Circuit precedent makes clear that "a non-medical prison official" cannot "be charge[d] with the Eighth Amendment scienter requirement of deliberate indifference" when the "prisoner is under the care of medical experts" and the official does not have "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Spruill*, 372 F.3d at 236; *see also Durmer*, 991 F.2d at 69 (holding that non-physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor). Wolfe alleges that he was provided medication and "monitored." (Doc. 1, p. 4). By Wolfe's own averments, the DOC Defendants are not medical providers. It is clear that Superintendent Rivello, Unit Manager Hollibaugh, Counselor Grimme, and Unit Manager Yost are non-medical prison personnel in that are not responsible for directly rendering medical care to inmates. Wolfe does not plead any facts from which a plausible

inference could be drawn that the DOC Defendants had "reason to believe (or actual knowledge) that prison doctors or their assistants [were] mistreating (or not treating) [him]." *Spruill*, 372 F.3d at 236.

The complaint falls well short of plausibly alleging that the DOC Defendants violated Wolfe's constitutional rights. Consistent with the foregoing, dismissal of the complaint against the DOC Defendants is warranted.

### IV.   Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant leave to amend, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). In the instant matter, amendment would be futile because the underlying conduct and claims against the DOC Defendants do not rise to the level of a constitutional violation.

### V.   Conclusion

The Court will grant the DOC Defendants' motion (Doc. 32) to dismiss. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: October __11__, 2024